**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:08CV-13-M**

**SOUTHEASTERN COMMUNICATION SERVICE, INC.**                    **PLAINTIFF**

**VS.**

**ALLSTATE TOWER, INC.**                                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Allstate Tower, Inc., to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b) [DN 7]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

On August 9, 2006, the South Florida Water Management District (hereinafter "District") in Palm Beach County, Florida, issued a Request for Bids to design, furnish, and install a telemetry tower in Palm Beach County. On August 11, 2006, Plaintiff, Southeastern Communication Service, Inc., invited Defendant, Allstate Tower, Inc., to submit a proposal to supply a tower in conformance with the specifications set forth in the District's Request for Bids. On August 18, 2006, Allstate submitted a proposal to Southeastern to design and fabricate the tower. On October 27, 2006, Southeastern entered into a contract with the District to furnish and install the tower after submitting a successful bid in reliance on Allstate's proposal. On November 6, 2006, Southeastern issued a Purchase Order to Allstate accepting its proposal to design and fabricate the tower. The "General Terms & Conditions

of Sale" contained in Allstate's Proposal included a provision which states that "[t]he exclusive forum for any litigation resulting from this proposal shall be in Henderson County, Kentucky." (Allstate Proposal at 5, ¶ 18.)

On April 27, 2007, Allstate delivered the tower to the project site and Southeastern provided partial payment in accordance with the contract. Southeastern alleges that the tower designed and fabricated by Allstate was ultimately rejected by the District due to fatal design defects identified in a report prepared by Pate Engineering, an engineering consulting firm retained by the District. (Complaint at ¶ 15-17.) On February 6, 2008, Southeastern filed this action asserting claims for breach of contract, breach of express and implied warranty, breach of the implied duty of good faith and fair dealing, and indemnity. Southeastern filed suit in the Owensboro Division of the Western District of Kentucky "because it is the designated jury division for Henderson County, Kentucky." (Complaint at ¶ 5 and Plaintiff's Response at 3.) On February 19, 2008, Allstate filed a motion to dismiss Southeastern's complaint arguing that the forum selection clause precluded the Plaintiff from filing the case in this federal court since it is not located in Henderson County, Kentucky.

## II. DISCUSSION

Allstate argues the action should be dismissed pursuant to Fed. R. Civ. P. 12(b) on the grounds that the forum selection clause contained in Allstate's proposal limits the proper jurisdiction and/or court in which this action should be resolved. Allstate contends that the parties have by way of contract agreed to Henderson County, Kentucky as the proper jurisdiction or forum to resolve their dispute. Southeastern does not dispute the

2

enforceability of the forum selection clause included in the contract. Instead, Southeastern argues that the action should not be dismissed because (1) the forum selection clause permits suits to be brought in a federal court having jurisdiction in Henderson County; (2) the forum selection clause does not satisfy the Sixth Circuit's "clear and unequivocal" standard that applies to contractual waivers to litigate in federal court; and (3) in the event the Court finds the forum selection clause ambiguous, the Court should construe any ambiguity against Allstate as the drafter of the clause.

### A. Forum Selection Clause

Forum selection clauses are *prima facie* valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). "The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." Preferred Capital, Inc. v. Associates in Urology, 453 F.3d 718, 721 (6th Cir. 2006)(citing M/S Bremen, 407 U.S. 1.). See also Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167-68 (1939). Such a clause contained in a commercial contract is presumed to be controlling absent a strong showing that it should be set aside. Preferred Capital, Inc., 453 F.3d at 721 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)).

The forum selection clause in the present case provides that "[t]he exclusive forum for any litigation resulting from this proposal shall be in Henderson County, Kentucky." (Allstate Proposal ¶ 18.) Southeastern argues that the clause does not state that the forum is restricted to a state court located in Henderson County or the Circuit Court of Henderson County. Nor does the clause explicitly prevent either party from filing suit in a federal court

3

having jurisdiction in Henderson County. According to the Southeastern, the fact that the forum selection clause does not limit suits to state court or prohibit suits in federal court demonstrates that the parties intended the forum to be either a state or a federal court having jurisdiction in Henderson County. The Court disagrees.

"The majority of courts addressing forum selection clauses with similar language have ruled that where venue is specified in a county that has no federal court, the clause cannot reasonably be interpreted to permit suit in federal court located in a different county." Travelers Property Casualty Co. of America v. Centimark, Corp., 2005 WL 1038842, *5 (S.D. Ohio May 3, 2005).[1] In the present case, the forum selection clause is unambiguous. The clause provides "[t]he exclusive forum for any litigation resulting from this proposal shall be in Henderson County, Kentucky." (Allstate Proposal at 5, ¶ 18.) The clause refers to a specific county and contains no reference to the federal courts. Because there is no

---

[1] See also Navickas v. Aircenter, Inc., 2003 WL 21212747 (E.D. Tenn. 2003)("Courts that have faced the task of interpreting similarly-worded forum-selection clauses usually have found no ambiguity and have concluded that venue is not permitted in the federal court of the district encompassing that county named in the clause." Id. at *4)(citing Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997) ("Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado."); Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989) ("Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."); Double A Home Care, Inc. v. Epsilon Sys., Inc., 15 F. Supp.2d 1114, 1116 (D. Kan. 1998) ("... said action shall be venued in the County of Ramsey, State of Minnesota"); Intermountain Sys., Inc. v. Edsall Const. Co., Inc., 575 F. Supp. 1195, 1197-98 (D. Colo. 1983) ("It is agreed for purposes of this agreement, venue shall be in Adams County, Colorado."); First Nat'l of North Am., LLC, v. Peavy, 2002 WL 449582, *2 (N.D. Tex. Mar. 21, 2002) ("... all claims shall be litigated only in Collin County, Texas."); North American Air Force v. Rose, 2001 WL 1155078, *2 (N.D. Cal. Sept. 17, 2001) ("... venue for any disputes between the parties will be in Newton County, Mississippi.")). But see Links Design, Inc. v. Lahr, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990).

4

federal court located in Henderson County, Kentucky, the express reference to Henderson County could only be intended to mean the state court in Henderson County, Kentucky.

## B.  Contractual Waiver

Southeastern also argues that the forum selection clause does not satisfy the Sixth Circuit's "clear and unequivocal" standard that applies to contractual waivers to litigate in federal court.  See Regis Associates v. Rank Hotels (Management) Ltd., 894 F.2d 193, 195 (6th Cir.1990) ("Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal.").  Southeastern contends that the forum selection does not specifically restrict the forum to a state court in Henderson County, and therefore, the clause does not approach the specificity required to waive the parties' right to litigate in federal court.  The Court disagrees.

The forum selection clause at issue here is both clear and unequivocal.  The provision at issue provides that the **exclusive forum** for any litigation **shall be in Henderson County, Kentucky**.  Contrary to Southeastern's argument, the forum selection clause does in fact limit litigation involving the contract to a court in Henderson County.  If a federal court were actually physically located in Henderson County, the Court would agree that the parties had not waived their right to file suit in federal court.  However, absent a federal court in Henderson County, the Court finds that the forum selection clause constitutes a "clear and unequivocal" wavier of the right to file an action related to this contract in federal court.

Given that Southeastern has not demonstrated that enforcement of the forum selection clause would be unreasonable or unjust and has failed to produce evidence of either fraud or

5

misrepresentation, the Court dismisses this action so that it may be filed in the proper state court.

### III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss [DN 7] is **GRANTED WITHOUT PREJUDICE** to Plaintiff to file its action in the appropriate forum.  The Court will enter an appropriate judgment.

cc: counsel of record